By the Court. Duer, J.
The plaintiff is a general creditor, Who peeks to set aside an assignment made to the defendant, Flora Joel, as fraudulent and void, as against creditors, and, it is plain, that, as against her, he is not entitled to the relief, or any part of the relief, which he demands, unless his right as a creditor to impeach the assignment is apparent upon the face of the complaint, It is needless to cite authorities to prove that before the Code no such action could be maintained by a creditor, without averring that he had obtained a judgment *532 against the debtor making the assignment, and that upon this judgment an execution had been issued, and returned unsatisfied ; nor do we understand it to be denied that such was the settled law. The whole argument, upon the part of the plaintiff, rests upon the assertion, that the law in this respect has been altered by the Code, and that by force of the alteration every creditor has now the same right to have a fraudulent assignment set aside for his benefit, as was formerly possessed by judgment creditors alone.
This very important alteration of the law, as hitherto administered, is alleged to have been effected by § 219 of the Code 5 but upon examining the provisions of that section, it seems to us manifest, that they have no bearing whatever upon the question of the right of a general creditor to maintain' an action like the present.
The sole object of the section is to enumerate and define the cases in which a temporary injunction may be granted, but all of these are cases in which it appears by the complaint, that the. plaintiff is entitled to the relief demanded, against the defendant, to restrain whose acts or proceedings the injunction is sought. The section, doubtless, enlarges the powers of the court to grant injunctions, but does not enlarge the rights of the plaintiff, in any case, to maintain his action, but leaves the question, whether he is or is not entitled to the relief demanded by his complaint, to be determined by the existing law; the law as previously understood and established. Governed by this law, the judge at special term has decided the issue raised by this demurrer in favor of the defendant, and governed by the same law, we cannot do otherwise than affirm his decision.
It would, perhaps, be a salutary change in the law to allow a remedy to creditors in cases like the present, even before their debts have passed into judgment; but such a change, however desirable, can only be made by the exercise of legislative power, and is wholly beyond that of the judiciary. •
The judgment appealed from is affirmed, with costs.