## MATTISON *a.* DEMAREST.

*New York Superior Court; General Term, December,* 1863.

DISCONTINUANCE OF CREDITOR'S SUIT.—RIGHTS OF CREDITORS COMING IN.

Where a creditor's suit is brought by plaintiffs suing not only on behalf of themselves, but also on behalf of all other creditors of the same debtor who are similarly situated and shall contribute, &c., such other creditors acquire no vested rights until judgment. The plaintiffs instituting the suit, and the defendants, must be left until judgment to prosecute and defend without regard to the claims of such other creditors ;* and the court will not grant an order

---

\* It was held in an ANONYMOUS CASE (16 *Ante,* 87), that where, in such an action, after the usual notice for that purpose, other creditors have appeared before the referee, upon the accounting, and proved their debts, and excepted to the referee's report,—such other creditors (whether they are deemed to be actually parties or not, without an order of court declaring them such) are entitled to notice of an application for judgment upon the report of the referee ; and if the attorney for the original plaintiff enters judgment upon an order obtained on the consent of the defendant, and without notice to the objecting creditors, and without any opportunity to them to be heard on their exceptions, the court will, on motion, set aside the judgment.

It was held in the case of BURR *a.* BIGLER (14 *Ante,* 177), that the term " par-

that the action be deemed prosecuted for their benefit from the commencement, so as to preclude the defendants from claiming a discontinuance by paying the judgment of the original plaintiffs.

Whether other creditors can come in after judgment, unless executions upon their respective judgments were returned unsatisfied before the commencement of the creditor's suit—*Query?*

Appeal from an order made at special term, by Mr. Justice BARBOUR, on the 31st of October, 1863.

The plaintiffs were judgment creditors of the defendants, Demarest & Middleton.

The action was brought by the plaintiffs, Mahlon and John B. Mattison, "in behalf of themselves and all other judgment creditors of Demarest & Middleton, who are willing to come in and participate in the relief or judgment in the action, and contribute to the expenses thereof," for the purpose of setting aside an assignment made by Demarest & Middleton to the defendant Powers, as having been made with intent to hinder and delay their creditors, and for payment of the plaintiffs' judgment out of the assigned property. A previous decision in this cause, upon another appeal affecting none of the defendants but Smith, is reported *Ante,* 238, *sub nom.* Mattison *a.* Smith.

Upon affidavits of the recovery of judgments by other creditors of Demarest & Middleton, a motion was made, on notice, that the creditors in those several judgments be made plaintiffs in this action, they desiring to become such, and that the complaint be amended by inserting allegations of the recovery of such judgments, &c., appropriate to the case; or " that this action be deemed to have been commenced and be prosecuted for the benefit of the plaintiffs in the said several judgments as of and from the time of its commencement, without the right of the defendants to claim a discontinuance of it upon payment of the judgment specifically described in the complaint, and with the same right to the said judgment creditors to come in

ties," in the sense of the rule which renders a prior judgment conclusive upon those who sustain the character, is not restricted to those who are parties on the record ; it includes all who have a direct interest in the subject-matter of the suit, and a right to make a defence or control the proceedings.

an'd claim under the final judgment in this action as if they had been plaintiffs named in the summons and complaint."

The motion was denied, and the plaintiffs appealed.

*John Graham,* for plaintiffs, appellants.—I. Unless it is held, that those obtaining judgments against the assignors, *pendente lite,* cannot participate in the final judgment in this action, and that this action was brought exclusively for the benefit of judgment creditors existing when it was brought, it is difficult to see why the motion at the special term should not have been granted. As to practice under the old system, see Morris *a.* Mowatt (4 *Paige,* 142; 1 *Barb. Ch. Pr.,* 521, 522).

II. Under section 173 of the Code, the court can add parties before or after judgment, in furtherance of justice.

III. If our view is not correct, instead of the action being brought in behalf of judgment creditors generally, willing to contribute, &c., it should have had the additional qualification, " existing at the commencement of the action."

IV. Under the old system, there was a difference between courts of law and courts of equity, as to the grouping together or combination of parties; the latter proceeded upon its favorite maxim, of preventing a multiplicity of suits, and hence was liberal in the allowance of parties. Courts of law could not so act; their framework forbade it.

Now the Code (§ 119) gives one rule as to all actions, although such as were formerly equitable are probably the only ones to demand the benefit of the rule.

V. The error of the decision appealed from was, in interpreting section 119 to embrace an existing class, when the action was brought. We hold that the judgment creditors must exist at the time the suit was brought, to come within this section, and be a class within its meaning.

VI. The class contemplated are judgment creditors, it is true, but judgment creditors in right of debts, as against which the assignors perpetrated the fraud in question. The judgment is the mere legal ascertainment of the existence of the debt.

It relates to the debt, as of when it was contracted; it is the debt which vitiates the fraud. The judgment, and the exhaustion of remedies under it, are the preliminaries to maintaining an action of this character.

VII. Section 119 of the Code applies—

1. Where there is a common interest in many persons;

2. Where the parties are very numerous, and it is impracticable to bring them before the court.

It proceeds upon the old chancery rule of preventing a multiplicity of suits. The cases on this subject are well collected in the N. Y. & N. H. R. R. Co. *a.* Schuyler (17 *N. Y.*, 592).

VIII. The rule of Innes *a.* Lansing is not to be retained as the law under section 119 of the Code.

*W. H. & S. P. Bell*, for defendant Smith, respondent.

I. The parties applying to be let in as plaintiffs are too late.

1. It appears on the face of the affidavits upon which they make their application, that the cause of action of each arose subsequent to the commencement of the original action.

2. To entitle them as judgment creditors to proceed against the assignor, they must have judgments unsatisfied and execution returned unsatisfied, before an action can be commenced. (2 *Rev. Stat.*, 173, § 41.) They had neither.

II. Every action must be prosecuted by the real party in interest. (*Code of Pro.*, § 111.)

All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs. (*Code*, § 117.)

The action is commenced when the summons is served on the defendant. (*Code*, § 99.)

The cause or right of action of the parties applying did not exist in any of them at the commencement of this action, and they are not the persons having an interest in the subject of the action, or in obtaining the relief demanded, when the action was commenced.

III. The parties applying to be made plaintiffs were not united in interest with those who brought the action, at its commencement, so as to make it compulsory for them to be joined as plaintiffs. (*Code*, §§ 1, 19.)

It is doubtful whether judgment creditors are embraced in this section.

IV. There is no existing statute or rule, by which these parties can demand to be let in as plaintiffs, *nunc pro tunc*, so

as to have relation back to transactions done in good faith by the assignee, before they had a cause of action. Whatever is done in good faith by the assignee, before the assignment is declared void, is well done. (Wakeman a. Grover, 4 *Paige*, 42; *Burrill on Assignments*, 505, 546.)

V. If there be several parties having a common interest, one of them may bring his action in his own right, and on behalf of others having a common interest; but the nature of their common interest must be such as would entitle them, were they all before the court, to maintain the action in their own right or in their own names. (Habitch a. Pemberton, 4 *Sandf.*, 657; Smith a. Lockwood, *Code R.*, *N. S.*, 349; 13 *Barb.*, 218.)

Now the plaintiffs in the complaint profess to commence the action for themselves, and all other judgment creditors of William S. Demarest & G. A. Middleton, who are willing to come in and participate in the relief or judgment in this action, and contribute to the expenses thereof; and plaintiffs therein complain, &c. They profess to bring this action for imaginary parties, men of straw, at the commencement having no existence in reality, but made such afterwards.

VI. These subsequent judgment creditors cannot, by this movement, take precedence of other simple contract creditors provided for in the assignment. Their remedy is, if the present plaintiffs succeed, to ask to come in at the foot of the decree, as was the practice in the court of chancery in similar cases, which practice in equity has not been abolished by the Code. (4 *Paige*, 142.) The 173d section of the Code is not a substitute for this practice. (See *Rules of Ch.*, 1837, rules 43 and 190, and notes.)

VII. They have not such an interest as would entitle them, by section 122 of the Code, to be made parties plaintiffs, as this section relates to recovery of real or personal property specifically. (Judd a. Young, 7 *How.*, 79; Talman a. Hollister, 9 *Ib.*, 508.)

BY THE COURT.*—MONELL, J.—The first branch of the motion was in effect abandoned on the argument.

The second branch proceeds upon the apprehension that the

---

* Present, BOSWORTH, Ch. J., and MONELL, J.

defendants may pay the judgment of the plaintiffs, and compel a discontinuance of the suit; in which event, the other creditors, who now seek to come in, would be deprived of the benefit of the present action.

The defendants have answered the complaint, and, it would seem, intend to contest the plaintiffs' right to the relief they seek, and there is no proof before us of any intention to pay the judgment, or to procure a discontinuance of the suit.

The action purports to have been instituted by the plaintiffs in behalf of themselves, and of all other judgment creditors, who might desire to come in and participate in the benefits of the suit; and it is claimed, that the creditors now applying to come in should be deemed to be plaintiffs from the commencement of the action, and that the suit should not be discontinued without payment of their judgments.

This, certainly, is a novel motion, and is without precedent in the books.

It was long since decided by the chancellor (Edmeston a. Lyde, 1 *Paige*, 637), that a creditor might file a bill in behalf of himself and all other judgment creditors, who might choose to come in under the decree, and contribute to the expenses of the suit. It was necessary, however, that such creditors should stand in the same right with the complainant, and that they should have had executions upon their judgments returned unsatisfied.

In the case before us, no such right is shown. On the contrary, it appears that at the time of the commencement of this action, executions upon the judgments in favor of the creditors who now apply, had not been returned. They were not, therefore, at that time, in a condition to have instituted a suit for the equitable relief demanded in this action.

The rights of creditors, for whose benefit a suit of this nature was instituted, were to come in under the decree, prove their judgments and executions returned unsatisfied, and participate in the fund discovered by the suit. They never became parties to the suit, and were only entitled to come in after the decree. The suit proceeded to decree, in the name and upon the judgment of the original plaintiff; and he might prosecute it with dispatch, or dismiss it altogether, at his election, notwithstanding the bill was filed in behalf of himself, and of all other cred-

itors. (Innes *a.* Lansing, 7 *Paige*, 583.) The reason was, that each creditor, whose execution had been returned unsatisfied, might file his bill. But the moment the decree was entered in the suit, the rights of the other creditors attached to it, and the proceedings in all the other suits were or might be stayed.

The rule then in chancery was, that notwithstanding the bill was filed for the benefit of all the creditors, the defendant might pay the judgment and costs, and procure a dismissal of the bill.

Has this rule been changed by the Code? The right to file a bill by a creditor after the return of an execution unsatisfied, as provided in the Revised Statutes (2 *Rev. Stat.*, 173 [marg. p.], § 38), has not been abrogated by the Code (Neustadt *a.* Joel, 2 *Duer*, 530); and the jurisdiction exercised by the chancellor under this statute, is now exercised by this court.

The essential ingredient in these suits, is the return of an execution *nulla bona.* Until this is done, the creditor has no right to claim equitable relief.

It is said that the 119th section of the Code has changed the rule. That section provides, that when the question is one of a common or general interest of many persons, &c., one or more may sue for the benefit of the whole. The provision is new, and has not, I believe, received a judicial construction as to its intended effect. Probably it is a mere enactment of the rule of the court of chancery, and was intended to apply to those cases where parties might make a common suit. Whether this be so or not, there is nothing in the provision which gives to it the effect of depriving a plaintiff, suing for a common benefit, of all right of control over the suit. Nor does it, in my judgment, confer any power upon the court to restrain a plaintiff thus suing, from dismissing his suit.

Creditors not parties to the suit acquire no vested rights until the judgment, when they may come in and prove their claims. And the plaintiff and defendant must be left, until judgment, to prosecute and defend upon the principles applicable to the case, without regard to any supposed injury which the other creditors may suffer.

In the view I have taken, it is not necessary to determine whether those creditors are in a condition to come in. Their executions were all returned after the commencement of this

suit. It would seem to be quite well settled, that even after judgment they would not be allowed to prove their claims. (Parmelee *a.* Egan, 7 *Paige*, 610; Cooke *a.* Smith, 3 *Sandf. Ch. R.*, 333.)

But I can find no authority for granting the plaintiff's motion. The rule on the subject was well settled before the Code, and the Code has not changed it.

The creditors are not without an adequate remedy. They may wait until judgment is obtained in this action, and then come in; or bring suit at once on their judgments. If they wait, they must take the risk of having the suit discontinued on payment of the plaintiff's judgment and costs. We cannot restrain them.

The order should be affirmed, with ten dollars costs.