## C. M. HAYS *v.* W. R. CORNELIUS and others.

### October Term, 1877.

MORTGAGE — RIGHTS OF JUNIOR MORTGAGEE OF PERSONALTY.— A junior mort-- gagee of personalty may foreclose by sale without making a prior mort- gagee a party; but where the prior mortgage is to secure rent for several: years, falling due quarterly, some of the instalments being past due, he· may make the prior mortgagee a party, to ascertain the *status* of his mort- gage, to redeem as to past-due instalments, and to sell to meet the debt, redeemed, in which event the whole property would be sold, a sufficiency of the proceeds being held to meet subsequent instalments of the first mort- gage; and, if there are no past-due instalments, to sell subject to the prior mortgage, reasonable time to be given to the mortgageor to pay the debt, before actual sale.

*Wilkin*, for complainant.
*Vaughn*, for defendants.

THE CHANCELLOR : — On May 25, 1871, the defendant W. R. Cornelius conveyed to the defendant Hiram Vaughn, in mortgage or trust to secure rent-notes falling due quarterly, for an annual rent of $600 for ten successive years, the steam-boiler, machinery, and other apparatus of a flouring-mill. The complainant, C. M. Hays, became subsequently a partner of Cornelius in the property thus encumbered, and in the mill business carried on with it, and afterwards sold his interest to Cornelius. The consideration of this sale was the sum of $6,000, for which Cornelius executed to complainant his three notes, dated September 28, 1871, at one, two, and three months, for $2,000 each, and secured their payment by a second mortgage on the property previously conveyed to Vaughn. The first of these notes has been paid, the third assigned to Vaughn, and the other has been retained by the complainant. This bill is filed against the mortgageor, prior mortgagee, and the holder of the third note secured by the second mortgage, and asks a foreclosure, by sale, of both mortgages. The defendant says that the rent-notes, secured by the first mortgage, have been paid up to the 1st of January of the present year, leaving only three of the quarterly notes given for the rent of this year past due and unpaid, and they object to a foreclosure of that mortgage.

On a bill by a second mortgagee, nothing more than the equity of redemption or the mortgageor's interest which passed to him can be decreed to be sold, unless the first mortgagee is in a condition to foreclose, and consents to a sale of the entire property. *Cloud* v. *Hamilton*, 3 Yerg. 81; *Gihon* v. *Belleville Co.*, 3 Halst. Ch. 536; *Roll* v. *Smalley*, 4 Halst. Ch. 464; *Hudnit* v. *Nash*, 1 C. E. Green, 560; *Potts* v. *New Jersey Arms Co.*, 2 C. E. Green, 518. The second mortgagee cannot interfere with the contract of the prior mortgagee; nor, consequently, can he sell the interest of that mortgagee, against his wishes. *Bigelow*

v. *Cassedy*, 11 C. E. Green, 562; *Stark* v. *Cheatham*, 2
Tenn. Ch. 303. He has a right to redeem the prior mort-
gage if the debt be past due, or to the extent of the debt
past due.   *Western Ins. Co.* v. *Eagle Fire Ins. Co.*, 1
Paige, 284; *Edmiston* v. *Lyde*, 1 Paige, 641.   In a proper
case, he is entitled to a decree declaring his right to redeem,
and to sell in order to repay the redemption-money, as well
as to satisfy his own debt.   *Fell* v. *Brown*, 2 Bro. C. C.
278; *Cholmley* v. *Oxford*, 2 Atk. 267; *Edmiston* v. *Lyde*,
1 Paige, 641.   Where the object of the second mortgagee is
simply the foreclosure of his mortgage, a prior mortgagee is
not a necessary party.   *Mims* v. *Mims*, 1 Humph. 425.
He is a proper party, even in such case, where there is sub-
stantial doubt as to the amount of the prior mortgage-debt.
*Jerome* v. *McCarter*, 94 U. S. 736.   If the prior mortgagee
has been in possession, he is also entitled to make him a
party, and to have an account of rents and profits, in which
the latter will be charged with the full value of the prem-
ises.   *Trulock* v. *Robey*, 15 Sim. 265; *Trimbleston* v.
*Hamill*, 1 Ball &. B. 385; *Gordon* v. *Lewis*, 2 Sumn. 143.
Or, if the property be personal, with the hires and profits
thereof.   *Overton* v. *Bigelow*, 10 Yerg. 48.   The mort-
gagee who goes into possession, and thereby prevents other
creditors having subsequent liens from entering, will be
charged with all the profits he might have received, although
he permit the mortgageor to take them.   *Copping* v. *Cooke*,
1 Vern. 270; *Bentham* v. *Haincourt*, Pr. Ch. 30.   The
rents and profits collected by a receiver pending litigation
will go, it may be added, to the party at whose instance
the receiver was appointed.   *Sanders* v. *Lord Lisle*, I.
R. 4 Eq. 43; *Howell* v. *Ripley*, 10 Paige, 43.

Where a debt secured by mortgage is payable by instal-
ments, a failure to pay any one instalment as it matures is,
ordinarily, such a breach as warrants proceedings to fore-
close.   *Hunt* v. *Harding*, 11 Ind. 245; *Estabrook* v. *Moul-
ton*, 9 Mass. 258.   So, of a failure to pay interest-coupons,

if the mortgage authorize a sale in that contingency. *Howell* v. *Western R. Co.*, 94 U. S. 466. And, it seems, there can be only one foreclosure of a mortgage, and the sale must be, in such cases, of the entire property, provision being made for subsequently maturing instalments as they fall due, and the proceeds being applied to the debts secured, in the order of their priority, or equally, if there be no preference. *Codwise* v. *Taylor*, 4 Sneed, 346; *Howell* v. *Western R. Co.*, 94 U. S. 466; *Ewing* v. *Arthur*, 1 Humph. 537.

In this case, the complainant is entitled to have the *status* of the debt secured by the first mortgage ascertained; and, if any part of it is past due and unpaid, to a decree authorizing him to redeem by paying the same, and declaring his right, in that event, to sell to repay the redemption-money, as well as his own lien debt, which sale will be of the whole property, a sufficiency of the fund being retained to meet the subsequent rent-notes as they mature. If no part of the debt secured by the first mortgage, and past due, is unpaid, the complainant can only sell subject to the first mortgage; and this he may do in any event, if he prefer not to redeem. The mortgageor must be allowed a reasonable time in which to pay the complainant's demand, in order to prevent a sale. *Lewis* v. *Baker*, 1 Head, 388.