HENRY F. SMITH *et al. vs.* THOMAS A. MILLETT *et als.*

A voluntary assignment for the benefit of creditors provided that the dividends of such creditors as did not execute a release within three months from the date of the assignment should be paid to the assignors or their appointees. Certain creditors of the assignors exhausted their remedy at law against the assignors, and filed a bill in equity to establish a lien on the dividends of such non-releasing creditors in the hands of the assignee:

*Held*, that they were entitled to the relief claimed.

*Held*, further, that the lien on the equitable assets dated from the filing of the bill.

BILL IN EQUITY to establish a lien on certain equitable assets in the hands of the respondent, Millett, as a voluntary assignee. The facts are those already stated in *Smith* v. *Millett* and *Congdon* v. *Millett*, 11 R. I. 528. After the decision of those cases on the law side of the court this bill was filed by the plaintiffs in them, against Millett, assignee, and his assignors. The respondents demurred to the bill.

*February* 12, 1878. POTTER, J. This bill is filed by judgment creditors of S. S. Humes & Co., who, having exhausted their remedy at law, now claim relief against certain funds of the said Humes & Co., assignors, in the hands of Millett, the assignee,

and which were, by the assignment for the benefit of their creditors made by Humes & Co. to Millett, directed in certain events to be paid over to the assignors.

S. S. Humes & Co. made an assignment for the benefit of their creditors to Millett: 1. To pay private indebtedness out of their separate private estates; 2. To pay partnership debts in proportion, &c., provided, that " such of our creditors " as should not within three months from date, June 2, 1874, execute and deliver a full discharge, &c., should receive no dividend; but the dividends on their claims should be paid to the assignors or their appointees.

In suits brought by Smith & Co., and by Congdon & Sons, against Humes & Co., service of process was made on Millett, as trustee, before any creditors had released. In a second suit by Smith & Co., the writ was served on Millett, as trustee, September 14, 1874, when creditors claiming $43,350.52 out of an alleged but not admitted indebtedness of $68,846.23, had released. Judgment for the plaintiffs was entered in all these cases on the same day, June 17, 1876, and executions thereon issued have been returned unsatisfied.

It is to be noticed that in this case the assignment does not give the shares of those who do not release to those who do release, but to the assignors, thus differing from some other assignments which have been before the court.

The circumstances in which relief against equitable assets will be granted in a case like this are stated by Chancellor Walworth in *Edmeston* v. *Lyde*, 1 Paige, 637, 640. The creditor must have his execution returned " *nulla bona,*" and must have exhausted his remedy at law.

The principle that courts of equity will grant relief in such cases is there stated, and is recognized in too many cases to be considered as at all doubtful. See the very full discussion in the opinion of Woodworth, J., in *Hadden* v. *Spader*, 20 Johns. Rep. 554, 562.

Another point is made in this case. It is claimed that as in the suits at law two of the garnishments were served on the assignee before any creditor released, they should be paid in full before any dividend whatever is made, even to the releasing creditors, on the ground that the assignment did not become opera-

tive as to any of the creditors until they did release. We think, however, as stated in the former opinion, 11 R. I. 528, 532, that the consent when given may well be considered as retroactive; and we think the better doctrine as to the priority of lien is the one stated by Chancellor Walworth in ' *Edmeston* v. *Lyde*, 1 Paige, 637, that the lien on the equitable assets dates from the filing of the bill.

> *Demurrer overruled and decree according to this opinion.*