Mr. Chief Justice Alvey
delivered the opinion of the Court:
This appeal presents some rather remarkable features. It is the third appeal that has been brought into this court, resulting from an effort on the part of a judgment creditor *393 to obtain satisfaction of bis judgment from a trust fund belonging to the debtor, under the power and control of the court, and where this court, as well as the court below, has repeatedly decided that the judgment should be paid. The judgment claim is small in amount, being only for the sum of $345.65, with interest and costs, and which is admitted to be due and owing. It is not denied or controverted that the interest of the judgment debtor in the trust fund in the hands of the trustees, and which is subject to the jurisdiction of the court, is greatly more than sufficient to pay the judgment claim, even assuming that there is or might be claim made, of a prior date, by reason of the breach of the condition of the appeal bond, for which Mrs. Learned became responsible, and which is referred to in the proceedings. Under the circumstances of the case, there ought to be, certainly, some good reason shown why the payment of the judgment is resisted by the trustees. The debtor himself admits the existence of the claim, but he seems, for some reason, to be unwilling that it shall be paid. The last appeal brought to this court was taken by William May, the debtor, from a decree directing the payment of the judgment, and is reported in 16 App. D. C. 556, where the facts will be found stated in the opinion of the court.
The original bill by the judgment creditor was filed against the judgment debtor, William May, on the 5th of November, 1895. That bill was subsequently amended, so as to meet the exigencies of the case. The filing of'the bill, and the notification issued for appearance thereto, created a lien on the equitable estate or assets of the judgment debtor, described in the bill and the amendments thereto; and no subsequent disposition of that estate or those assets could displace or-defeat that lien. Freedman’s Sav. & Trust Co. v. Earle, 110 U. S. 710, 716; Edmeston v. Lyde, 1 Paige, 637-640; Beck v. Burdett, 1 Paige, 309; Davidson v. Burke, 143 Ill. 148; Newdigate v. Jacobs, 9 Dana, 17; Stix v. Chaytor, 55 Ark. 122; Bridgman v. McKissick, 15 Iowa, 260; Cincinnati v. *394 Hafer, 49 Ohio St. 60; Beith v. Porter, 119 Mich. 365. Of course, the lien thus acquired is subject to any prior lien that may have been created upon the property or assets of the debtor.
After the first appeal to this court the original bill was amended, and the trustees under the will of the late Dr. John F. May, deceased, were made parties. After this, the case was brought on to hearing in the court below; and upon reference to the auditor, and a report and statement of account by that officer duly made and filed, whereby the distributive share of the rents and profits of the estate in the hands of the trustees, down to October 1, 1899, due to William May, the judgment debtor, was shown to be $1,451.26, subject to his debts. This fund thus ascertained to be due the judgment debtor, was certainly the most appropriate fund out of which the small judgment due the complainant should be paid, and especially so, to avoid the necessity for the sale of the undivided interest of the judgment debtor, in the corpus of the real estate in the hands of the trustees. The decree of the 5th of January, 1900, was passed authorizing the sale of the undivided interest of the judgment debtor in the real estate of which Dr. John F. May died seized and possessed, then in the bauds of the trustees under the will of the deceased, in the event that the amount of the judgment was not paid within a specified time. But in that decree there was a distinct clause, that 'in case the defendants, the trustees, should pay the amount of the judgment, interest and costs, as thereinbefore provided, from the amount of the rents and income in their hands, they should have credit therefor in any accounting between them as trustees, and the said defendant William May. It was from this decree that William May, the judgment debtor, alone appealed to this court. The trustees did not a,ppeal, and the time has long since elapsed within which they could appeal. It was therefore justly assumed that they were content to abide by the decree of the court *395 below. The decree upon the appeal of William May was affirmed, and the cause was remanded for further proceedings.
Upon the mandate of this court going down to the court below, the plaintiff, the present appellee, filed an application for a rule upon the trustees to show cause why they should not pay the judgment out of the funds shown to be in their hands as the share or proportion of the rents and profits of the trust estate distributable to William May, the judgment debtor. The rule was laid, and the trustees answered. In their answer they set up a claim made by Mrs. Learned, by virtue of the mortgage to her of indemnification for becoming responsible as surety on the appeal bond of William May; and also set up claims of other children of the deceased, Dr. John F. May, on account of indebtedness to them for balance of trust funds, for which, as one of the original trustees, William May remained accountable. But no amounts are specified, nor is it pretended or suggested that the interest of William May in the trust estate is not greatly more than sufficient to meet all such demands, over and above the amount of the judgment due the appellee.
The court below, deeming the answer of the trustees insufficient, on the 6th of August, 1900, ordered and decreed that the trustees should pay forthwith, the amount of the judgment against William May, in favor of the complainant, with interest and costs, as recovered by the complainant, and declared to be due and owing by the decree of the 5th of January, 1900. It is from this order that the present appeal is taken by the trustees.
We may say in this case, as we said on the former appeal, there is no merit whatever in the grounds urged in support of this protracted litigation; and clearly nothing is shown to require the reversal of the order appealed from by the trustees.
In the course of the argument at bar of this case, it was disclosed that there had been a settlement or compromise *396 effected between William May and the trustees, as to the claim made by the latter against the former, in regard to funds alleged to be in his hands or due from him as one of the former trustees'; and by consent of counsel, copies of the papers on file in equity cause No. 13,905, where the trust is being administered, were handed to the court, to show the nature of the compromise. It appears that, on the written application of the trustees addressed to the court, stating the proposed terms of settlement or compromise, an order was passed on the 9th of July, 1900, granting leave or permission to accept the compromise offered. The order provides that leave be given to the trustees to accept the compromise offered by William May, with the consent and co-operation of Mrs. Learned, the mortgagee; which terms are, that in full satisfaction of the amounts found due from said William May, and directed to be paid by him to said trustees, by decrees in the cause dated July 31, 1894, April 28, 1899, and February 14, 1900, and all costs, etc., there shall be paid on’ behalf of said William May to said trustees or their solicitors, the sum of $5,500 in money, and said William May shall, through his solicitors, release and renounce the sum of $1,541.66 on account of his share of the net income from the estate of John F. May, deceased; and provided further, that the said Mrs. Victorino U. Learned shall release her claim upon said amount of $1,541.66, under the mortgage to her mentioned in the trustees’ petition. That settlement or compromise has been effected, — the money paid, the releases executed, and the several decrees therein mentioned against William May have been entered satisfied accordingly.
Under this settlement or compromise, therefore, Mrs. Learned has no further claim upon this sum of $1,541.66, the share of the rents and income of the trust estate distributable to William May. Nor can the trustees make any application or distribution of that fund that will operate to defeat, or to the prejudice of the lien secured *397 thereon for the satisfaction of the complainant’s judgment, by the filing of his bill against the same.
We think the order appealed from was correct, and must therefore be affirmed with costs; and it is so ordered.

Order affirmed.