THE WESTERN INSURANCE COMPANY OF THE VILLAGE
OF BUFFALO AND ANOTHER *v.* THE EAGLE FIRE IN-
SURANCE COMPANY OF NEW YORK AND OTHERS.

Where three kinds of relief are prayed for in the bill, and the complainant is
entitled to one of them, the defendant cannot demur.

On a bill of foreclosure by a subsequent mortgagee, he will be entitled to re-
deem the prior mortgage, and then to sell the whole estate for the money
due on both mortgages.

If the prior mortgage should not be due, the junior mortgagee will be entitled
to a decree for the sale of the mortgaged premises, subject to such prior
mortgage.

THE complainants, as mortgagees of certain premises in
the city of New York, filed their bill in this cause against

December 2d.

1828.

Western Ins.
Company
v.
Eagle Fire In.
Company.

the mortgagor and several junior incumbrancers, and also against the Eagle Fire Company of New York, as prior mortgagees of the same premises. The bill alleged that a part of the prior mortgages had been paid, and prayed a discovery and *reference to a master to ascertain the amount due; and that the mortgaged premises might be sold, subject to the incumbrance of the prior mortgages, or the amount due thereon, as thus ascertained; or that the complainants might be permitted to redeem the prior mortgages; or that the whole interest in the mortgaged premises might be sold, and the amount due to the complainants paid out of the proceeds of such sale, after first satisfying the prior mortgages; and for general relief. The Eagle Fire Company answered as to all the facts set forth in the bill, but demurred to so much of the relief prayed for, as sought to obtain an order or decree for the sale of the premises covered by the prior mortgages; and they assigned for cause of demurrer, that the complainants were not entitled to such order or decree of sale, inasmuch as the same would give them, in the capacity of subsequent mortgagees, an undue control over the prior securities of those defendants.

*D. Selden,* for complainants, cited *Mondey* v. *Mondey*, (1 Ves. & Bea. 223;) *Haines* v. *Beach*, (3 John. Ch. R. 465;) *Ensworth* v. *Lambert*, (4 John. Ch. R. 605;) *Barker* v. *Dacie*, (6 Ves. 686;) Mitf. Pl. 172.

*S. Boyd*, for defendants, cited *Titus, adm'r* v. *Viele*, (6 John. Ch. R. 435;) *Wotten and wife* v. *Copeland and others*, (7 John. Ch. R. 140.)

THE CHANCELLOR:—Whether this court can decree a sale of the mortgaged premises without the consent of these defendants, for the purpose of satisfying all the incumbrances out of the proceeds of such sale, according to their order of priority, is a question not properly presented by the demurrer. The proper object of a demurrer is to pre-

vent the necessity of a discovery, or to save the expense of a protracted litigation, by settling the rights of the parties upon some dry point of law, plainly arising upon the case made by the bill. (*Brooke* v. *Hewett*, 3 Ves. jun. 253.) Where the complainant makes a specific claim to particular relief, which he cannot under any circumstances be entitled to at the *hearing, perhaps the defendant may object thereto by way of demurrer, although there is also a prayer for general or other proper relief in the bill. If such a demurrer be allowable in any case, it ought not to be encouraged, as the defendant may avail himself of the objection at the hearing, with every possible advantage which he could obtain by a demurrer. And the court ought not thus to be called on preliminarily to examine the case in all its bearings, for the purpose of determining what relief the complainant may be entitled to at the hearing, when all the facts and circumstances are fully developed.

In this case, the relief demurred to is not specifically claimed by the bill. The prayer for relief is in a double alternative; and if the complainants are entitled to either of the three kinds of relief thus asked for, the defendants cannot demur, but may, at the hearing, insist that the complainants be confined to such relief only as they may be entitled to under all the circumstances of the case as then presented.

The usual decree in cases of this kind in England, where strict foreclosures are still in use, is that the complainants be permitted to redeem the prior incumbrances, and that the junior incumbrancers redeem in course or be foreclosed. By our practice, sales are substituted for strict foreclosures; and if the complainants are not entitled to a decree to sell the whole estate, and pay the prior incumbrancers out of the same, they are at least entitled to redeem, and then sell the whole estate for the purpose of obtaining the redemption money, as well as to satisfy their own incumbrances. And if the prior mortgagees will not consent to a sale, or the amount of their incumbrances is not yet due, I do not,

at present, perceive any valid objection to a decree for a sale of the equity of redemption subject to their mortgages, leaving the purchaser to pay the same as they become due, or whenever the prior mortgagees think proper to enforce their lien upon the premises.

This demurrer to one of the three alternatives in the complainants' prayer for relief is therefore improperly taken, and must be overruled with costs.