## Leggett *vs.* Hopkins & Smith.

Where a creditor recovered a judgment against his debtor in the New-York common pleas, and caused an execution to be issued thereon to the county of New-York which was returned unsatisfied, it was held that such creditor could file a creditor's bill upon that judgment, without bringing a new suit in a court which had jurisdiction to issue an execution in the county, where the debtor resided and where it appeared he had property more than sufficient to pay the debt.

The remedy of the defendant in such a case, if he wishes to save the expence of a suit in the court of chancery, upon a creditor's bill, is to sell his property and pay off the judgment.

This was an application by the defendants to dissolve an injunction issued upon the filing of a creditor's bill, in the usual form. The defendants were abundantly able to pay the debt for which they were sued, they having a large amount of property in the western part of this state, where they resided. Being in the city of New-York they were sued there in the court of common pleas, and a judgment was recovered against them. An execution was afterwards issued upon that judgment, and the defendants having no property within the jurisdiction of the court, the execution was returned by the sheriff unsatisfied. The defendants having neglected to pay the judgment, the bill in this cause was filed and an injunction was granted thereon. The defendants insisted that the complainant had no right to file the bill upon the return of the execution in the city of New-York; but that he was bound to bring his suit in a court which had jurisdiction to issue an execution to the county where they had property, so as to exhaust his remedy against such property there.

*S. Stevens,* for the complainant.

*M. T. Reynolds,* for the defendants.

The Chancellor decided that the complainant, after having recovered one judgment in a court of record in this state, and having an execution upon that judgment issued to

March 20.

the proper county and returned unsatisfied, was not bound to bring another suit upon the judgment in the county where the property of the defendants was situated, or where they resided, before he was authorized to proceed against them in this court; that as the debt was justly due, it was the duty of the defendants to pay it without suit; that if they had a very large property, as it appeared from their answer they had, they should have converted some part of that property into money and paid the debt after it was reduced to judgment, without subjecting the complainant to the expense or delay of any further litigation; and that as the complainant had done all that was necessary to comply with the requisition of the statute, by issuing his execution to the county where the suit was instituted, which was the only one to which it could be legally sent upon that judgment, the bill in this cause was properly filed, and the complainant was entitled to retain his injunction until his debt and costs were paid.