## Reed *vs.* Wheaton.

Where a creditor's bill is founded upon a judgment in the supreme court, or a decree of the court of chancery, so that an execution thereon may be issued to any county, the complainant must show affirmatively, in his bill, that he has exhausted his remedy, by issuing an execution to the county in which the defendant resided at the time when such execution was issued; or he must state in his bill some sufficient legal excuse for issuing his execution to a different county.

If the defendant has removed from the state, or if his residence, upon diligent search and enquiry, cannot be found, the execution may be issued to the county where he resided at the commencement of the suit against him, or the county in which his last known place of residence was.

THIS was an appeal from the decision of a vice chancellor denying an application to dissolve an injunction. The complainant recovered a judgment against the defendant, in May, 1839. And the bill alleged that an execution was afterwards issued thereon to the sheriff of Genesee county, which was returned unsatisfied; but there was no averment in the bill that the defendant was a resident of that county, at the time of issuing the execution. By the answer of the defendant, it appeared that in April, 1839, previous to the recovery of the judgment, he removed into the adjoining county of Niagara, about ten miles from his former residence; and that if an execution had been issued to that county, it could have been levied upon personal property which he had there, and which was subject to a sale on execution, sufficient to have satisfied the debt and costs. The answer also charged, upon information and belief of the defendant, that the sheriff, when he returned the execution unsatisfied, informed the attorney of the complainant that the defendant had removed to Niagara county.

*N. Hill, jun.* for the appellant.

*W. L. F. Warren,* for the respondent.

July 16.

1839.

Reed
v.
Wheaton.

THE CHANCELLOR. It is evident in this case that the complainant has not exhausted his remedy at law on his judgment. And, if the averments in the answer are true, there has not even been a bona fide attempt to collect the debt out of the defendant's property. But as the allegations in the answer, that the defendant lived in Niagara county at the time of issuing the execution, and that the complainant well knew that fact at the time of filing his bill in this suit, are not responsive to any thing contained in the bill, the vice chancellor would probably have been right in disregarding them, if the bill itself had shown sufficient to have authorized the issuing of the injunction originally. The bill, however, is defective in substance in this respect; as there is no averment therein that the defendant, at the time of the issuing of the execution to the sheriff of Genesee, was a resident of that county, or that he ever had resided there. In the case of *Leggett* v. *Hopkins & Smith*, (*ante, p.* 149,) it was decided that where the judgment was in the common pleas, so that an execution could not be issued to any other county than that in which the judgment was obtained, it would be sufficient to issue an execution to the sheriff of that county, although the defendant resided elsewhere. In such a case it is not necessary, in the bill, to say any thing about the defendant's residence. But where the judgment is in the supreme court, so that an execution may be issued to any part of the state, or where the bill is founded upon a decree of the court of chancery, the process of which court may also be sent into any county, the complainant who comes into this court for relief upon the ground that he has exhausted his remedy by execution on the judgment or decree, must show affirmatively, by his bill, that he has issued his execution to the sheriff of the county where the defendant resided at the time such execution was issued; or he must insert some other averment showing a sufficient and legal excuse for not sending his execution to the county where the defendant resides. If the defendant has removed from the state, or if his residence, upon diligent search and inquiry, cannot be found, that may be a sufficient excuse for sending the execution to the county where he re-

sided at the time of the commencement of the original suit against him, or where his last known place of residence was. But such an excuse will not avail the complainant where it distincly appears that previous to the filing of the bill here, he is informed that the defendant has a fixed residence in this state ; in case he has visible property there subject to sale on execution, sufficient to satisfy the debt and costs. Where it is necessary to show that the complainant has exhausted his remedy, by the issuing of an execution to the county where the defendant resides, it is not sufficient merely to describe the defendant in the bill as a resident of a particular town or county ; as that description of the defendant, even if it could be considered as sworn to by the complainant, merely relates to the time of filing the bill ; and is not an averment of residence at the time of issuing the execution. But here the defendant is not even described as being a resident of the county to which the execution issued, either at the time of filing the complainant's bill or at any time previous thereto. As there was nothing in the bill to show that the complainant had exhausted his remedy at law, so as to authorize him to come into this court for relief, the vice chancellor was clearly wrong, in refusing to dissolve the injunction, which had been erroneously, allowed upon the bill itself. His decision must, therefore, be reversed, with costs ; and the injunction is dissolved.