SMITH and another *vs.* FITCH.

A creditor's bill must state affirmatively that the execution at law was
  issued to the county where the judgment debtor resided at the time
  of issuing the execution, otherwise the bill cannot be sustained, and
  an injunction allowed thereon will be dissolved.

It is not sufficient, in the preliminary part of the bill, to state that the
  defendant was resident of such a county. This refers only to the
  time of filing the bill, and not to the time of issuing the execution.

A defendant cannot, however, disregard an injunction issued upon such
  a bill, and will be punished for such disobedience, but his punish-
  ment will be confined to the costs of the attachment, and will not
  extend to the original debt.

THIS is a creditor's bill. The bill states that the
complainants " of the town of Batavia, in the county
of Genesee, and state of New-York, on or about the
8th day of November, 1839, recovered a judgment
in the Supreme Court of this state, against Timothy
Fitch of the said town of Batavia, for about the sum
of $241 27." It farther states, that on the 13th day
of November, 1839, the complainants issued an exe-
cution to the sheriff of the county of Genesee, to col-
lect said judgment; but it makes no other averment
as to the residence of the defendant. The bill was
filed in March, 1840. A motion is now made by the
defendant, for the dissolution of the injunction foun-
ded upon the bill itself. Previous to the notice of
this motion, the defendant had been brought up on
attachment, for the violation of the injunction allowed
upon the filing of the bill. This stood over for the
purpose of taking proofs as to the truth of the defen-
dant's answer to the interrogatories filed on the return
of the attachment; and now both questions are
brought on together.

34

July, 1840.    *A. Smith,* for complainants.

Smith and    *T. Fitch,* in person.
another
v.
Fitch.    THE VICE CHANCELLOR. The only plausible
ground upon which the motion for the dissolution of
the injunction is founded, is, that the bill does not
shew upon its face that the complainants have ex-
hausted their remedy at law, inasmuch as they have
not set forth the residence of the defendant at the
time of issuing their execution at law. The bill, it
is true, in its commencement describes the residence
of the defendant as being in Genesee county. But
this, if it be deemed an averment at all, is only an
averment that the defendant resided in that county
at the time the bill was filed, which was in March,
1840. There is no averment as to the place of re-
sidence of the defendant when the execution was
issued. Under the decision of the Chancellor in the
case of Reed *vs.* Wheaton, 7 Paige, 663, I am con-
strained to allow this motion. In that case, and also
in a case recently decided, (Gaylord *vs.* Hendrick-
son,) the Chancellor has determined that a creditor's
bill should aver that the defendant was a resident of
the county to which the execution was issued, at that
time ; and in the last case, has given the form of the
averment. In the former case, too, he has said that
a mere statement of the residence of the defendant
in the commencement of the bill, is not a sufficient
averment of residence, at the time of issuing the exe-
cution. These two cases certainly cover the ques--
tion presented in this case, and upon their authority
the injunction in this case must be dissolved.

After coming to this result, it is next necessary to
inquire what effect this conclusion has upon the at-

tachment. It now appears that the injunction was improperly issued in the first instance; but still it was regular, and, as process, carried with it the full authority of the court, aud should have been obeyed. It is no excuse for the defendant that the injunction was improvidently issued, to save him wholly from the consequences of the contempt; but the circumstances may be taken into consideration in the amount of fine to be inflicted. This case is similar to that of Sullivan *vs.* Judah, 4 Paige, 444. The complainant has sustained no legal injury or damage by the act of the defendant; but still, by this act the defendant contemned the process of the court, and for that he must be punished by payment of the costs or such of the costs of the proceedings, as he would, under other circumstances be compelled to pay.

These costs of these proceedings must be arranged as follows: the complainant must pay the defendant the costs of the motion to dissolve the injunction, also the costs of the demurrer to one of the interrogatories which was allowed. The defendant must pay the complainants the costs of the proceedings upon the attachment up to the time of the order of reference to a master to take proofs of the truth of the defendant's answer. As to the proceedings upon the attachment subsequent to the reference, neither party is to have costs as against the other. The costs allowed to each party, are to be offset against each other; and upon the defendant's paying the complainants the balance, (if any,) all farther proceedings upon the contempt are to be stayed. As the complainants propose to carry the question before the Chancellor again, the order for the dissolution of the injunction is not to be operative if the

**268**

complainants file and perfect an appeal within fifteen days, until the decision upon such appeal; otherwise, to be operative after the expiration of fifteen days.