THE MERCHANTS AND MECHANICS' BANK *vs.* GRIFFITH.

Where a creditor's bill is founded upon a judgment in the supreme court, the complainant must show affirmatively, in his bill, that he has exhausted his remedy at law, by the issuing of an execution to the sheriff of the county where the defendant resided at the time such execution was issued ; or he must show a sufficient and legal excuse for not issuing his execution to such county.

Whether a positive averment in the bill that the defendant has no real or personal estate whatever, in the county where he resides, which is liable to a levy and sale by execution, would be a sufficient legal excuse to authorize the filing of a creditor's bill upon the return of an execution issued to another county; *Quære?*

Where the defendant has any property in the county where he resides, though not of the value of $100, the plaintiff must issue an execution to that county, and thus exhaust his remedy at law against such property, before he can file a creditor's bill founded upon a judgment in the supreme court.

THIS was an application to vacate an order appointing a receiver in this cause upon a creditor's bill. The defendant's counsel was attending in court to oppose the motion for a receiver the whole of the day for which the usual notice of the motion to appoint the receiver was given. But the complainant's counsel, who was not aware of the intended opposition to the motion, obtained the usual order of reference, by default, unobserved by the defendant's counsel. The judgment against the defendant was recovered in the supreme court, and the execution thereon was issued to the sheriff of the county of Rensselaer, where the defendant had formerly resided, and where, as charged in the bill, he resided at the time of issuing the execution. But the affidavit of the defendant stated that he removed to the city of Brooklyn, with his family, nearly two months previous to that time ; and that he was a householder there then, and had been such ever since. In this he was also supported by the affidavit of his solicitor ; who swore that he knew that the defendant had been a resident and householder in Brooklyn six or seven weeks, before the time stated in the bill as the time of issuing the execution.

*J. McConihe,* for the complainants.

*J. Rhoades,* for the defendant.

THE CHANCELLOR.   The excuse for not having opposed
the motion is unquestionably sufficient ; as it was probably
owing to inadvertence on the part of the court, in allowing
such motions to be made as a matter of course before
taking up litigated motions, that the defendant's counsel
was deprived of the opportunity of opposing the motion
when it was made.   The defendant should therefore be
placed in the same situation as if the complainants' applica-
tion for the appointment of a receiver was now to be heard
and decided upon the papers before me.

If the affidavits on the part of the defendant are true, it
is evident that the complainants can never succeed upon this
bill, in its present form.   In the case of *Reed* v. *Wheaton,*
(7 *Paige's Rep.* 663,) this court decided that where a
creditor's bill is founded upon a judgment in the supreme
court, the complainant must show affirmatively that he has
exhausted his remedy at law, by the issuing of an execu-
tion to the sheriff of the county where the defendant resid-
ed at the time such execution was issued ; or he must in-
sert some other averment, in his bill, showing a sufficient
and legal excuse for not issuing his execution to the coun-
ty where the defendant resides.   Whether a positive aver-
ment in the bill that the defendant has no real or personal
estate whatever in the county where he resides which is
liable to a levy and sale by execution, would be a sufficient
legal excuse to authorize the filing of a creditor's bill upon
the return of an execution issued to another county, it is
not necessary to decide here.   For there is no such allega-
tion in this bill ; nor does the affidavit of the solicitor for
the complainants show that he believes that the defendant
has no property or effects whatever in the county of Kings
which are liable to execution.   He merely states his belief
that the defendant had not effects of any kind in that coun-
ty of the value of $100.   But where the defendant has

1844.

Mer. & Mech.
Bank
v.
Griffith.

property in the county in which he resides, which is liable to execution, sufficient to satisfy any part of the complainant's debt, the remedy at law against the defendant's property in that county will not have been exhausted until an execution has been issued there, to enable the sheriff to levy upon such property and apply it in satisfaction of the judgment as far as it will go.

Here, it is true, the bill contains an averment that the defendant resided in the county of Rensselaer at the time the execution was issued to that county. And if the complainants, at the hearing, should be able to prove the truth of that allegation, they might undoubtedly obtain a decree. But if they fail in that, as the affidavits before me show that they probably will, they cannot succeed by showing a different state of facts, not stated in the bill, which if alleged therein might have furnished a sufficient legal excuse for not issuing their execution to the county where the defendant resided. If such facts exist, the proper course of the complainants is to amend their bill, by stating the residence of the defendant truly at the time of the issuing of their execution to the county of Rensselaer, and by inserting such averments therein as they suppose will furnish a legal excuse for not issuing an execution to the county where the defendant resides; showing that they have in fact exhausted their remedy at law against all the property of the defendant which was liable to execution upon their judgment.

The order of the 23d of October last must therefore be vacated and set aside, without costs to either party. And the application for the appointment of a receiver must be dismissed ; but without prejudice to a new application by the complainants, upon an amended bill. Or if they think it more prudent for them to dismiss their present bill, upon payment of costs to the defendant, and to issue a new execution, they are at liberty to do so. And in that case the defendant's costs in this suit may, when taxed, be offset and applied in part payment of the amount due to them upon the judgment against him.