## WHEELER v. HEERMANS and HAIGHT.

In a judgment creditor's suit, to reach things in action, on the return of an execution unsatisfied, if the judgment were recovered in the court of common pleas, the bill must allege, either that the debtor at the time the execution issued, resided in the county in which the judgment was recovered; or that the judgment had been docketed and an execution issued in some other county where the defendant was residing; or it must be shown that for some other cause, the remedy at law was exhausted by the issuing of the execution in the county where the judgment was recovered.

An allegation in such a bill, that the defendant *resides* in a place, has reference to the time of filing the bill, and not to the time of issuing execution.

It is not necessary to docket a judgment recovered in the supreme court, in order to sell lands on an execution thereon; nor a judgment in the superior court or common pleas, in order to sell on the execution lands situated in the same county. In both cases, judgments must be docketed to create a priority of lien thereby; and in the latter case, in order to affect lands in other counties.

Where the granting of costs is discretionary, the court on giving them to a party, may direct them to be set off upon a judgment held against him and another by the adverse party, although such joint judgment be not the subject of a legal set-off.

Poughkeepsie, July, 27; July 29, 1846.

THIS was a creditor's suit on a judgment recovered against both of the defendants, in the court of common pleas of the county of Dutchess, to which county an execution against their property had been issued and returned unsatisfied. The only statement in the bill relative to the residence of the defendants, was that they *reside* in the county of Dutchess. The defendants appeared separately and demurred to the bill for want of equity.

*C. W. Swift*, for the defendant Haight.

The bill contains no averment that the *fi. fa.* was issued to the county where the defendants resided when it was so issued; so

that the legal remedy was not exhausted. (7 Paige, 663; 10 ibid. 519.) Judgments in the supreme court and common pleas, are now on the same footing, in respect of issuing executions.

*J. Brush,* for the defendant Heermans, urged the same grounds in support of his demurrer.

*W. Wilkinson,* for the complainant.

The case made by the bill, is strictly within the provisions of the revised statutes. (2 R. S. 102, § 41 ; 2d Ed.) The case in 10 Paige was in the supreme court, and our judgment was in the common pleas. *Leggett* v. *Hopkins,* (7 Paige, 149,) is decisive in our favor. Since the act of 1840, it is not necessary to issue an execution to another county, unless a transcript of the judgment was docketed there. The act did not intend to have such transcripts made, except to counties where the defendants have lands. This fact is not to be presumed, and the defendants should plead it, if they had property elsewhere.

If we are wrong, the defect is inadvertent, and we should have leave to amend without costs.

THE ASSISTANT VICE-CHANCELLOR.—The allegation in the bill that the defendants *reside* in the county of Dutchess, applies to the time of filing the bill. It is not an allegation that they resided in that county when the execution was issued.

The defendants insist, that the bill, by reason of this omission fails to show that the complainant has exhausted his remedy at law : That it is not sufficient to set forth a judgment in the Dutchess Common Pleas, and an execution to that county, unless it appears that the defendants resided in Dutchess county ; or that for some reason, the issuing of an execution to the county where they did reside, would have been fruitless.

On the other hand, the complainant relies on the case of *Leggett* v. *Hopkins,* (7 Paige, 149,) where the chancellor decided in 1838, that on a judgment in the New York Superior Court, a creditor's bill might be filed after the return of an execution issued to the county of New York unsatisfied, without regard to the place of the debtor's residence.

The ground of that decision was, that as no execution could be issued on such a judgment to any other county, the creditor had done all he could to enforce his legal remedy.

In *Reed* v. *Wheaton*, (7 Paige, 663,) the chancellor held, that where the creditor's bill was founded upon a judgment in the supreme court or a decree in chancery, so that an execution on the same might issue to any county, the bill must show affirmatively, that the complainant has exhausted his remedy, by issuing an execution to the county in which the debtor resided; or it must state some good legal excuse for issuing it elsewhere, as the non-residence of the debtor, or the like. And *The Merchants and Mechanic's Bank* v. *Griffith*, (10 Paige, 519,) is to the same effect.

Since the act of 1840 went into operation, the plaintiff on recovering a judgment in the common pleas, may issue an execution into any county in the state, on docketing in the clerk's office of such county, a transcript of his judgment.

As a general proposition, a man's personal property is presumed to be at the place of his residence. Hence the necessity of showing in these creditor's suits, the return of an execution issued to the county where the defendant resided. The same principle which in the instance of judgments in the supreme court, or decrees in chancery, required that the execution should go to the county of the defendant's residence, is now applicable to judgments of the common pleas and superior court. There is no longer any obstacle in the way of sending executions on the latter, to any county in the state.

If the act of 1840 had simply enacted, that an execution might be issued from the court of common pleas to any county in the state, no one would have questioned the necessity of sending an execution to the county where the defendants reside, in order to exhaust the remedy at law. The provision that the judgment must be first docketed in a foreign county, before sending an execution there, imposes an additional formality, without affecting the principle involved.

I think therefore that the bill in this case does not show the complainant's remedy at law to have been exhausted, so as to entitle him to maintain his suit in this court.

This view is sustained by the chancellor's decision in *Coe* v. *Whitlock*, (May 7, 1844, 4 Barbour's Decisions of Ch. 19.) He there held, in a bill founded partly upon a judgment for $33, recovered before a justice, that it was not sufficient to set forth the return of an execution issued by the justice, which goes against personal property only. That the bill ought to state the filing of a transcript of the judgment in the county clerk's office and the issuing and return of an execution thereon against the debtor's land also.

If the justice's judgment had been less than $25, then inasmuch as it could not be docketed against land, the authority of *Leggett* v. *Hopkins*, would have applied, and the justice's execution would have sufficed.

To the same effect in principle, is the chancellor's judgment in *Corey* v. *Cornelius*, (May 25, 1846; 6 Barbour's Decisions 22, and 4 N. Y. Legal Observer, 258.)

The docketing of a judgment in the supreme court, is not necessary except to create a priority of lien, and land may be sold on an execution out of that court, without such docketing.

So on a judgment of the common pleas or superior court, an execution to the county in which it is recovered may be issued, and land sold upon the same without docketing the judgment. In each case the execution must of course direct the sheriff to levy on real estate.

On this point, the demurrers to the bill are well taken; but as the omission is evidently a mere slip in framing the bill, the complainant must have leave to amend on payment of costs, and without prejudice to his injunction. And the defendants costs when taxed, are to be set off against the complainant's judgment, which is admitted to be due by the demurrers. The court may direct this in its discretion, although the costs are due to the defendants severally and not jointly.

Demurrers allowed, with costs. Leave to amend the bill without prejudice to the injunction.