## J. C. STARK vs. R. B. CHEATHEM and others.

### April Term, 1875.

JURISDICTION TO SUBJECT EQUITABLE INTERESTS IN REALTY TO SATISFACTION
OF JUDGMENTS.—Equity has jurisdiction to subject the equity of redemption
of a judgment debtor in mortgaged lands to the satisfaction of the judgment,
upon the return of *nulla bona* on an execution issued to the county of the
judgment debtor's residence, although the judgment was recovered in another
county, and it is not shown that execution was sued out in that county.

SAME—EXTENT OF RELIEF.—Upon a bill to subject the equity of redemption
of a judgment debtor in mortgaged land to the satisfaction of a judgment,
the judgment creditor is only entitled to a sale of the equity of redemption,
not of the entire property, unless with the assent, and upon the application, of
the mortgagee, and then only upon condition that the proceeds of sale be
first applied to the satisfaction of the mortgage debt.

*J. W. Judd*, for complainant.
*W. A. Thoma*, for defendants.

THE CHANCELLOR :—The complainant is a judgment cred-
itor of the defendant Cheathem, by judgment recovered in
a different county from that in which the defendant resides,
and has filed this bill, after a return of *nulla bona* on an
execution issued to the sheriff of the county of the defend-
ant's residence, to reach the equity of redemption of the
debtor in certain realty conveyed by him in mortgage to
the co-defendants. It does not appear that execution was
issued to the sheriff of the county in which the judgment
was recovered. The defence made is that equity has no
jurisdiction until the legal remedy has been exhausted, and
that a return of *nulla bona* in the county in which the judg-
ment was rendered is an essential prerequisite to relief in
this court.

The jurisdiction of chancery to subject equitable interests
in realty to the satisfaction of a judgment was originally
strictly ancillary, and depended upon the exhaustion of the
legal remedy. *Neate* v. *Duke of Marlborough*, 3 Myl. &
Cr. 407, 415 ; *Beck* v. *Burdett*, 1 Paige, 305 ; *Cassidy* v.
*Meacham*, 3 Paige, 311 ; *Thayer* v. *Swift*, Harr. Ch. 430.

But the rule was relaxed in this state, in the case of *McNairy* v. *Eastland*, 10 Yerg. 310, where it was held that the creditor might file his bill without first having issued his execution, upon the ground of the lien created by the judgment. The court suggested that the expense, trouble, and delay of a resort to chancery would be a sufficient protection to the debtor against the creditor resorting to this court unnecessarily, or in any case where the latter could obtain satisfaction at law by virtue of the execution See, also, *Montgomery* v. *McGee*, 7 Humph. 234. In *Embree* v. *Reeve*, 6 Humph. 37, the court, in commenting on *McNairy* v. *Eastland*, expressly say that " the point decided was, not that a party could come into a court of chancery upon the ground that he had exhausted his legal remedies, as proved by the return of *nulla bona*, but that, short of such exhaustion of his legal remedies, and without the return of *nulla bona*, he could come into a court of chancery for satisfaction of his judgment out of equitable real estate, upon the foot of the lien created upon such equitable real estate by the judgment at law." No one, adds the court, had, perhaps, ever doubted the jurisdiction of the court upon a return of *nulla bona*, and the point settled was that the court had jurisdiction where there had been no such return. In the same case the court repudiate the idea that the jurisdiction of equity to subject equitable personal assets depended upon the exhaustion of the legal remedy, or upon the issuance of an execution to the county in which such assets were found. A return of *nulla bona* in the county in which the judgment was rendered would, it was said, be sufficient. And, in the same spirit, our court held in *Esselman* v. *Wells*, 8 Humph. 482, 487, that chancery would not, in such case, enquire whether the execution had been prematurely or improperly returned. " These," it adds, " are questions belonging to another forum, in a proceeding against the sheriff." If, it may be added, a return of *nulla bona* was requisite, the return in this case would be sufficient, being upon an execu-

tion issued to the county of the debtor's residence. *Reed* v. *Wheaton*, 7 Paige, 663.

No subsequent decision has modified these rulings. It may be considered the settled law of this state that equitable realty may be reached in chancery, upon the strength of the judgment, with as little formality as is required to reach the legal estate at law. That is to say, as you may always have your execution for the latter, so you may always have your bill for the former, the judgment itself being a sufficient foundation for either remedy. At law the judgment is a lien on realty, by statute, for one year, and a sale within the year relates back to the judgment and overrides intermediate conveyances. If the creditor allow the year to elapse, he loses his judgment lien, but not his right to subject any legal estate he may afterwards find to belong to his debtor. So, if he filed his bill within the year to reach an equitable estate in realty, his lien related to the date of his judgment; if after the expiration of the year, he acquired a lien only from the filing of the bill by the *lis pendens*. The act of 1832, ch. 11, § 3, carried into the Code, §§ 2984, 2985, 2986, limited the lien of the judgment on equitable realty by prescribing certain prerequisites, such as the registering of a memorandum of the judgment in a given time, and the filing of a bill within a definite period after the return of execution. If these prerequisites are complied with, the creditor acquires a lien from the date of the judgment; otherwise, only from the filing of the bill. The statute has been construed to mean that, by a failure to comply with its provisions, the judgment creditor will lose his right to priority of satisfaction, as against a purchaser for value and without notice and a junior judgment properly registered and proceeded on, but not as against the judgment debtor and volunteers under him. *Chapron* v. *Cassaday*, 3 Humph. 661, 665. Of course, if the judgment creditor who has failed to comply with the statute file his bill before a junior judgment creditor or purchaser

acquires rights, he secures a prior lien. This was settled by the construction put upon the statute in *Chapron* v. *Cassaday*, and is now expressly given by the Code, §§ 4282, 4286, as to "all property which cannot be reached by execution."

It will thus be seen that the original ground upon which the jurisdiction of this court was based has never been adopted by our courts, and has now been changed by statute. The right to come into equity to subject property which cannot be reached by execution is put, not upon the exhaustion of the legal remedy, but on the provisions of our statute law. The equity of redemption of a mortgagor, it was early settled by our courts, in strict accord with English precedent, cannot be reached by execution. *Plunket* v. *Penson*, 2 Atk. 290; *Wilson* v. *Carver*, 4 Hayw. 90. But such equity may be sold or assigned by the mortgagor. *Graves* v. *McFarland*, 2 Coldw. 167; *Hepburn* v. *Ker*, 9 Humph. 726; *Huffacre* v. *Bowman*, 4 Sneed, 98. It descends by inheritance, and is devisable by will. *Casborne* v. *Scarfe*, 1 Atk. 503; *s. c.*, 2 Jac. & W. 194. And such an equity in personalty may be subjected in chancery. *English* v. *Tomlinson*, 8 Humph. 378.

The complainant is, therefore, entitled to subject the defendant Cheathem's equity of redemption in the mortgaged lands by a sale thereof. He has no right to interfere with the contract of the mortgagee, nor, consequently, to sell the interest of the mortgagee against his wishes. *Wickenden* v. *Rayson*, 6 De G. M. & G. 210; *Gihon* v. *Belleville White Lead Co.*, 3 Halst. Ch. 531; *Mims* v. *Mims*, 1 Humph. 425; *Rowan* v. *Mercer*, 10 Humph. 359. Strictly speaking, a bill by a subsequent mortgagee against the prior mortgagee is for redemption, and the natural decree, to use Lord Thurlow's language in *Fell* v. *Brown*, 2 Bro. C. C. 278, is that the second mortgagee shall redeem the first mortgagee, and that the mortgagor shall redeem him or stand foreclosed. And the rule is the same in the case of a subsequent lien creditor. *Cholmley* v. *Oxford*, 2 Atk. 267.

The right to foreclose a prior mortgage will, of course, depend upon its being due. *Western Insurance Co.* v. *Eagle Fire Insurance Co.*, 1 Paige, 284. In this state, where the doctrine of strict foreclosure no longer prevails, the remedy of the subsequent mortgagee, or lien creditor, is to sell the equity of redemption, or to redeem and then sell, to obtain the redemption money as well as to satisfy his lien debt. *Edmiston* v. *Lyde*, 1 Paige, 641. If, indeed, the prior mortgagee consent, the whole estate may be sold, and the proceeds applied to the satisfaction of the encumbrances in the order of priority. *Cloud* v. *Hamilton*, 3 Yerg. 81; *Hudnit* v. *Nash*, 1 C. E. Green, 550, 560. But the payment by the debtor of the complainant's debt before sale would end the suit, the prior mortgagees, made defendants, having no claim to active relief except by cross-bill. 3 Yerg. 81.

NOTE.—Affirmed on appeal.