## J. G. FULGHUM v. M. C. COTTON and others.

## A. G. ADAMS and others v. M. C. COTTON and wife.

### October Term, 1876.

JUDGMENT-CREDITOR AND PRIOR MORTGAGEE — THEIR RELATIVE RIGHTS.— Mortgaged land was sold for taxes, but, upon bill filed by the mortgageor, the tax-sale was set aside, from which decree the purchaser appealed. Pending these proceedings, the mortgagees undertook to sell the land under the power reserved in the deed, and a junior judgment-creditor of the mortgageor enjoined the sale by the first of these bills, and sought to have the tax-title declared void, and the property sold under decree of this court. The mortgagees filed the second bill to foreclose the mortgage by sale, and the two bills were heard at the same time, each on its own record. *Held,*

first, that the mortgagees were entitled to a decree to sell the land upon the terms of the mortgage-deed, in satisfaction of the mortgage-debt and costs, and to the first lien on land and rents; second, the judgment-creditor must pay the costs of contesting the tax-title, and of advertising the sale enjoined by him, and was entitled to a decree authorizing him to redeem from the mortgagees, and then to a sale of the land to pay both debts, or to a sale of the equity of redemption, or to the surplus proceeds of the sale under the decree of the mortgagees; third, that the court had no power to suspend the execution of these decrees because of the pendency of the suit touching the tax-title.

*Helms & Hicks*, for complainant.
*T. W. Haley*, for Cotton.
*J. C. Bradford*, for Adams and others.

THE CHANCELLOR : — On December 3, 1870, M. C. Cotton borrowed from Adams and others, trustees, etc., $2,500, and, to secure its repayment, with interest, gave them a mortgage on his dwelling-house and lot in Nashville, with a power of sale for cash, free from the equity of redemption, on default. In 1873 the lot was sold for taxes, and bought by Brien. The purchaser was, after the year allowed for redemption, about to be put in possession of the lot by writ from the Circuit Court, when, on July 23, 1875, Cotton filed his bill in this court to have the tax-sale set aside as void and a cloud upon his title, and enjoined the execution of the writ of possession. Such proceedings were had in the cause that, on November 17, 1875, a final decree was rendered, declaring the sale void, but giving Brien a lien on the lot for the taxes paid by him, with interest and costs. From this decree Brien prayed an appeal to the Supreme Court, which is still pending.

On August 19, 1875, A. G. Adams and others, trustees, etc., under Cotton's mortgage to them, advertised the lot for sale on September 25, 1875, for cash, free from redemption, to satisfy the mortgage-debt. On September 1, 1875, Fulghum, as a judgment-creditor of Cotton, filed his bill against Cotton, Brien, and the trustees, Adams and others, setting out the foregoing facts, and seeking to reach Cotton's in-

terest in the property, after the mortgage-debt, for the satisfaction of his judgment. He alleged that the claim of Brien under the tax-sale was a cloud upon the title, which would prevent the property from selling for its value, and he asked, for this reason, that the sale under the mortgage be enjoined until the validity of the tax-title could be determined and the said title be set aside as void. The injunction prayed for was granted. By consent of all parties, a receiver was afterwards appointed, who took possession, and has continued to rent the property. Such proceedings have been had in this cause that it is ready for hearing, and has been regularly called on the trial-docket. It is suggested, however, by the complainant, that even if the court holds that the tax-title is void, the cloud will still continue until the decision of the Supreme Court in the Cotton case, above mentioned, and prevent the property bringing its value.

The trustees, who were anxious for a sale of the property, finding that they could not control the Fulghum case, because they were defendants and not complainants, on August 7, 1876, filed their bill against Cotton and wife for a foreclosure of their mortgage, by sale under its terms. Cotton and wife have answered this bill, admitting the execution of the mortgage, and that they have no ground for contesting, and have never contested, the rights of the trustees under it. They simply deny the liability of Cotton or his property for the cost of advertising the sale which was enjoined, or for certain counsel-fees claimed. The complainants set the cause for hearing on bill and answer. The court, upon suggestion that the two causes related to the same subject-matter, ordered them to be heard at the same time. But, although heard at the same time, each case depends upon, and must be determined by, its own record.

The Fulghum case raises the issue of the validity of Brien's tax-title; and that issue having already been determined in the Cotton case, and being now presented on

the same record, the court sees no reason to change the previous decision. The complainant in that case is entitled to a decree declaring the tax-sale void, and removing the cloud thereby created from Cotton's title. This being declared, the ground upon which the injunction restraining Adams and others, trustees, from selling under their mortgage was obtained ceases, and the injunction must be dissolved. The said trustees are entitled to this dissolution now, whether the complainant Fulghum chooses to take a decree or not. The only relief which Fulghum is entitled to, as against the property itself or the mortgagees, is a decree to redeem the prior mortgage ( *Cholmley* v. *Oxford*, 2 Atk. 267), and a decree of sale in satisfaction of his judgment and the mortgage-debt, or a sale of Cotton's interest in the property subject to the mortgage-lien. *Parker* v. *Fuller*, 1 Russ. & M. 656; *Edmiston* v. *Lyde*, 1 Paige, 641; *Cloud* v. *Hamilton*, 3 Yerg. 81; *Stark* v. *Cheatham*, 2 Tenn. Ch. 303, affirmed on appeal. He has no right to a sale of the whole property, except with the consent of the mortgagees ( *Wickenden* v. *Rayson*, 6 De G. M. & G. 210); and this consent they refuse to give, preferring to execute the mortgage themselves, which they have the right to do. *Arnold* v. *Bainbridge*, 2 De G. F. & J. 92. The costs of this cause, occasioned by the proceedings touching the tax-title, must be paid by the complainant Fulghum; for these proceedings were taken exclusively for his own benefit, Cotton having previously instituted a similar suit for his benefit and the benefit of the mortgagees. The complainant will also pay the costs of advertising the sale under the mortgage, which was enjoined by his bill, and to this extent the mortgagees are entitled to recover damages on the injunction-bond. The costs of the receivership will be paid out of the rents of the property in the receiver's hands. The mortgagees, having been prevented by the injunction from selling under their mortgage, are entitled to the net residue of the funds of the receivership, after paying taxes

and incidental expenses. If the lot in controversy brings more than enough to pay the residue of the mortgage-debt, the complainant is entitled to subject such surplus to the satisfaction of his judgment and the other costs of this cause. If there be no surplus, the complainant must pay such other costs. The mortgagees will be directed to pay into court in this cause any surplus which the property may bring over and above their debt and the costs of executing their mortgage, and the complainant Fulghum is entitled, in this cause, to ascertain the exact amount of the mortgage-debt and the costs of executing the mortgage, and to an account of the receivership.

The mortagees, under their bill, are entitled to a decree for their debt, with interest, and for the sale of the land in satisfaction thereof, and of the costs of the cause, upon the terms of the mortgage, — cash, free from the equity of redemption. Neither Cotton nor the mortgaged property is liable for the costs of the first advertisement of the sale enjoined, nor for counsel-fees. The decree in this cause may extend the receivership to embrace this case, and may order the receiver to pass his accounts in this case as well as in the other, and declare a lien, in favor of the mortgagees, on the net funds which may be found in his hands.

It is suggested, both by Fulghum and Brien, that the cloud caused by the tax-sales will continue until finally determined by the Supreme Court in the Cotton case or in this case, and that the effect of the rendition of a decree now will be to increase the costs by compelling the parties to take this case to the Supreme Court, if a sale of the property under the mortgage is pressed now. This is true, and is a good reason why the parties should enter into some agreement on the subject. But the court has no power in the premises. Its duty is to decide all cases brought regularly before it, according to law, without delay, and regardless of consequences. Whenever the judge undertakes to do otherwise, his act is not judicial, but arbitrary.

It is not improper to add, that I granted the injunction on the Fulghum bill with great hesitation. A second mortgagee, or a creditor whose rights are subordinate to those of a prior mortgagee, is entitled to stand in the shoes of the mortgageor, and nothing more. Neither has any right either to interfere with or hasten the sale of the prior mortgagee; nor, of course, to bring him into litigation, unless it be to ascertain his debt, after a demand and refusal to disclose it. Each may, under circumstances and in a proper case, redeem by paying the debt of the prior mortgagee, and this right to redeem is all either can acquire by a suit against such mortgagee. *Western Ins. Co.* v. *Eagle Fire Ins. Co.*, 1 Paige, 284; *Kennebel* v. *Scrafton*, 13 Ves. 370. And each may subject the mortgageor's interest in the property by sale, without making the first mortgagee a party, and may impound the rents by the appointment of a receiver until he chooses to assert his prior rights, and acquire a superior lien on such rents. *Rose* v. *Page*, 2 Sim. 471. Neither, I am inclined to think, has any equity to interfere with the first mortgagee upon the ground assumed in Fulghum's bill, that the property may be sacrificed by reason of a cloud upon the title, unless he can go further, and show that there is a fraudulent combination between the mortgageor and such mortgagee to give the latter an advantage, by reason of such cloud, at the expense of other creditors. The reason is, that the subsequent mortgagee or creditor can always prevent any sacrifice by paying the prior mortgage, if redeemable, or selling the equity of redemption of the debtor and buying it himself. If a motion to dissolve the injunction had been made, the question would have been carefully considered at any moment. No motion having been made, the injunction is only dissolved as a part of the final decree. It is for the counsel of the mortgagees to consider what effect an appeal from the decree would have upon the order of dissolution, and to act accordingly. The question will probably pass beyond my jurisdiction.